# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>THOMAS FRANCES CARROLL | AMENDED JUDGMENT IN A CRIMINAL CASE<br><br>Case Number: CR06-3014-001-MWB<br>USM Number: 03261-029 |

**Date of Original Judgment: February 2, 2007**
(Or Date of Last Amended Judgment)

R. Scott Rhinehart
Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
■ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**Asterisks (*) denote changes from Original Judgment**

**THE DEFENDANT:**

■ pleaded guilty to count(s) **1 through 4 of the Information**
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 & 860(a) | Conspiracy to Distribute and Possess With Intent to Distribute 500 Grams or More of Methamphetamine Actual Within a Protected Location | 03/31/2006 | 1 |

*»» Additional Counts of Conviction continued on next page »»*

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
■ Count(s) **remaining against the defendant in CR06-3014-001-MWB** are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 7, 2007
Date of Imposition of Judgment

*/s/ Mark W. Bennett*
Signature of Judge

**Mark W. Bennett, U.S. District Court Judge**
Name and Title of Judge

2/10/07
Date

DEFENDANT: **THOMAS FRANCES CARROLL**
CASE NUMBER: **CR06-3014-001-MWB**

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 860(a) | Possession With Intent to Distribute at Least 5 Grams of Methamphetamine Actual Within A Protected Location | 10/11/2005 | 2 |
| 18 U.S.C. § 924(c)(1)(iii) | Possession of Firearm and Ammunition in Furtherance of a Drug Trafficking Crime | 03/31/2006 | 3 |
| 18 U.S.C. §§ 922(k) & 924(a)(1)(B) | Possession of Firearms With Obliterated Serial Numbers | 10/11/2005 | 4 |

DEFENDANT: THOMAS FRANCES CARROLL
CASE NUMBER: CR06-3014-001-MWB

## IMPRISONMENT

■ The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **251 months. This term consists of 131 months on Count 1, 131 months on Count 2, 120 months on Count 4, to be served concurrently, and 120 months on Count 3, to be served consecutively to Counts 1, 2, & 4.**

■ The court makes the following recommendations to the Bureau of Prisons:
**It is recommended that he participate in the Bureau of Prisons' 500 hour Comprehensive Residential Drug Abuse Program.**

**It is recommended that he be designated to Pekin, Illinois, or another Bureau of Prisons facility in close proximity to his family which is commensurate with his security and custody classification needs.**

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page __4__ of __7__

DEFENDANT:     THOMAS FRANCES CARROLL
CASE NUMBER:   CR06-3014-001-MWB

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   <u>**10 years. This term consists of 10 years on each of Counts 1 and 2, and 3 years on each of Counts 3 and 4 of the Information, to be served concurrently.**</u>

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

■   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

■   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

DEFENDANT: THOMAS FRANCES CARROLL
CASE NUMBER: CR06-3014-001-MWB

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the Court and implemented by the U.S. Probation office.

2. The defendant is prohibited from the use of alcohol and he is prohibited from frequenting bars, taverns, or other establishments whose primary source of income is derived from the sale of alcohol.

3. The defendant shall participate in a mental health evaluation and/or treatment program, as directed by the Court and implemented by the U.S. Probation office. The defendant shall maintain compliance with medications prescribed to her by a licensed psychiatrist or physician.

4. The defendant shall submit to a search of his or her person, residence, adjacent structures, office or vehicle, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the residence or vehicle may be subject to searches pursuant to this condition. This condition may be invoked with or without the assistance of law enforcement.

DEFENDANT: **THOMAS FRANCES CARROLL**
CASE NUMBER: **CR06-3014-001-MWB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 400 | $ 0 | $ 595.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Krystal Crotts |  | 595.00 | 1 |

| TOTALS | $ _____ | $ 595.00 |
|---|---|---|

■ Restitution amount ordered pursuant to plea agreement $ 595.00

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

■ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ■ the interest requirement is waived for    ☐ fine    ■ restitution.

  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **THOMAS FRANCES CARROLL**
CASE NUMBER: **CR06-3014-001-MWB**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ■ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ■ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ■ Special instructions regarding the payment of criminal monetary penalties:

**While incarcerated, the defendant shall make monthly payments in accordance with the Bureau of Prison's Financial Responsibility Program. The amount of the monthly payments shall not exceed 50% of the funds available to the defendant through institution or non-institution (community) resources and shall not be less than $25 per quarter. If the defendant still owes any portion of restitution at the time of his release from imprisonment, he shall pay it as a condition of supervision and the U.S. Probation Officer shall pursue collection of the amount due, and shall request the Court to establish a payment schedule if appropriate. The defendant shall also notify the United States Attorney within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

✶ The defendant shall forfeit the defendant's interest in the following property to the United States:

**Any firearm or ammunition involved in or used in the knowing violation of Title 18, United States Code, Sections 922(g), 922(k), and 924, including but not limited to: (1) an H Schmidt Ostheim/Rhoen revolver, serial number 658329; (2) a .25 caliber, Raven Arms pistol, model MP-25 with an obliterated serial number; (3) a .380 caliber, Davis Industries pistol, model P-380 with an obliterated serial number; (4) a .44 magnum, Sturm, Ruger & Co. Inc. revolver, model "New Model Super Blackhawk," serial number 85-96238; (5) .223 caliber, Sturm, Ruger & Co Inc. rifle, model "mini-14," serial number 180-68541; (6) 20 gauge New England Firearms Co. shotgun, model Pardner, serial number NS256312; (7) .22 caliber, Marlin Firearms Co. rifle, model 60, serial number 71527160; (8) 12 gauge, Mossberg, model master-mag CC880, serial number H164482; (9) 12 gauge, Remington shotgun, model 870 Express, serial number B068764m; (10) more than 61 rounds of various loose ammunition; and (11) a 9mm handgun, with an unknown serial number.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.